UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM DAVID JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:25-cv-261-LCB ) |
| MADISON COUNTY DEPARTMENT OF HUMAN RESOURCES, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

Before the Court is *pro se* plaintiff William David Jones's amended complaint. Doc. 8. In his Amended Complaint, Jones recites a litany of federal offenses, including the Indian Child Welfare Act (ICWA), the Racketeer Influenced and Corrupt Organizations Act (RICO), and constitutional violations of his parental rights under the Fourteenth Amendment, and the Indian Commerce Clause—all serious violations, if true. However, because Jones's claims cannot be heard in this court under the domestic relations exception, the Court finds that Jones has failed to state a claim on which relief may be granted. As a result, the Court **WILL DISMISS** Jones's Complaint without prejudice.

1

I.  **Background**

On February 18, 2025, pro se plaintiff William David Jones sued the Madison County Department of Human Resources, Alabama Department of Human Resources, and Madison County DHR staffers Alexis Davis and Mecca Jackson, Doc. 1. Grall also moved to proceed *in forma pauperis* and for the appointment of counsel. Doc. 2. The Court granted leave to proceed IFP but denied the request for counsel. Doc. 6.

On April 9, Jones amended his complaint, striking the Alabama Department of Human Resources and Mecca Jackson as defendants, but adding Madison County District Judge Patricia Demos, Samuel J. McLure, Tiffany Weatherholt, and Ian Weatherholt as defendants. Doc. 8. In his amended complaint, Jones alleges that two of his biological children "were unlawfully removed from [his] custody under false pretenses." Doc. 8 at 6. Jones further claims he "notified [Madison County] DHR" staff of his family's "Native American Heritage" and invoked ICWA's due process requirements, but that "DHR and the state juvenile court refused to comply with ICWA" and "unlawfully retain[ed] jurisdiction. *Id.* at 6-7. Further, Jones asserts that DHR "deprived" him and his family of their visitation rights "in willful violation of an existing court order." *Id.* at 8.

Jones also claims at various points that Madison County DHR is engaged in "state sponsored child trafficking for profit"; that Madison County DHR is keeping

2

his children in foster care despite "successfully completing" an "inpatient rehabilitation program, parenting classes, and demonstrating fitness to parent"; that the attorney representing his children's foster parents is engaged in various and sundry misconduct; and that Judge Demos has "aided" and "allowed . . . procedural misconduct." *Id.* at 10-11. The rest of the Amended Complaint is similar.

The gravamen of Jones's complaint is that Defendants have engaged in a coordinated effort to deny his parental rights, in violation of ICWA, RICO, the Civil Rights Act of 1871, the Fourteenth Amendment, and the Indian Commerce Clause, along with numerous criminal statutes. *Id.* at 16-19. To remedy these alleged wrongs, Jones asks the Court for the following relief:

1) "an immediate injunction halting all state court proceedings and ordering the immediate return of [Jones's] children";
2) declaratory judgment that "defendants['] actions have violated federal law and constitutional protections";
3) "[c]ompensatory and punitive damages";
4) "[f]ederal oversight and investigation into" the Defendants and their conduct;
5) sanctions on the Alabama Department of Human Resources and the state juvenile court; and
6) criminal referral to the justice department.

*Id.* at 25-27.

Jones also filed a flood of other motions with the Court, including an Emergency Motion to Compel Release of State Court Records, Doc. 4, a Supplemental Motion to Add Defendants and Compel the Release of Court Records and Amend the Complaint and Damages Request, Doc. 5, a "Notice . . . of additional

3

violations of due process and Motion for Emergency Review," Doc. 9, a Motion for Emergency Action and Supplemental Notice of Development, Doc. 10, and a Supplemental Motion to Invoke RICO Protections, Doc. 11.

## II. The IFP Framework

In response to a request for IFP status, a district court must assess whether the allegations in the plaintiff's complaint meet the pleading standards laid out in 28 U.S.C. § 1915(e)(2). *Martinez*, 364 F.3d 1305, 1307 (11th Cir. 2004). The reviewing court must dismiss the plaintiff's complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Martinez*, 364 F.3d at 1307. To be sure, courts must construe *pro se* pleadings liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, the Court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III. Jurisdiction is Improper Under the Domestic Relations Exception.

From the face of his Amended Complaint, Jones's claims appear to be rooted in a custody dispute involving two children, which is—with a few exceptions—the exclusive province of the states, and therefore state courts. For that very reason, "federal courts generally dismiss cases involving divorce and alimony, child

4

custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir.1988) (citations omitted) (holding that abstention was appropriate even where diversity jurisdiction existed). This longstanding judicial policy is known as the domestic relations exception.

To be sure, the domestic relations exception "does not preclude federal review of constitutional issues merely because those issues arise in a domestic context." *Id.* at 372, and the Eleventh Circuit has not yet decided whether the exception applies to cases arising under federal question jurisdiction, which Jones relies on here. *See Deaton v. Stephens*, 2023 WL 6131452, at *8 (N.D. Ala.). Even so, federal courts almost always "decline to hear disputes," even those arising under federal law, that "would deeply involve them in adjudicating domestic matters." *Id.* at *8 (collecting cases).

That's no doubt the case here, since Jones's requested relief would "inevitably compel[]" this Court "to conduct an inquiry into various aspects of ongoing custody issues." *Id.* at *9 (declining to exercise jurisdiction over request for injunction preventing a state court judge from presiding over a custody dispute); *see also Ingram*, 866 F.2d at 370 (holding that dismissal under the domestic relations exception is proper "if hearing the claim would mandate inquiry into the marital or parent-child relationship."). What's more, abstention is also proper because Jones

5

may not "compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute." *J.B. v. Woodard*, 997 F.3d 714, 721-22 (7th Cir. 2021). To grant Jones the relief he seeks would "run[] contrary to the equity, comity, and federalism principles underlying our abstention doctrines," and show "a lack of respect for the state's ability to resolve these issues properly before its courts." *Id.* (cleaned up).[1]

Finally, if any of Jones's claims are not barred by the domestic relations exception, this Court would still be obligated to abstain from exercising jurisdiction. First, to the extent Jones's claims involve final child custody determinations, the Eleventh Circuit has held that the *Rooker-Feldman* doctrine forbids federal courts from "interfer[ing] with final judgments rendered by state courts" in child custody proceedings. *Fox v. Fla. Dep't of Child. & Fams.*, 828 F. App'x 639, 640 (11th Cir. 2020). Second, to the extent Jones's child custody proceedings are pendent—as appears to be the case—the *Younger* abstention doctrine also forbids federal courts from "interfer[ing] with ongoing child custody proceedings." *Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 (11th Cir. 1990); *see also Moore v. Sims*, 442 U.S. 415, 423-24 (1979) (same).

---

[1] In fact, Jones can raise his constitutional arguments in any ongoing state court proceedings—state courts routinely consider such arguments in custody proceedings. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1334 (11th Cir. 2001).

6

## IV. Conclusion

For all these reasons, the court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Court also **DENIES AS MOOT** all pending motions. Docs. 4, 5, 9, 10, 11.

A final judgment will be entered separately, and the Clerk is **ORDERED** to serve a copy of this order and the final judgment on the Plaintiff at his address of record.

**DONE** and **ORDERED** this May 8, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE